IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DONALD GENE SHELBY, #1839844 | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv802 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Donald Gene Shelby, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

The Petitioner is challenging his Fannin County conviction for felony driving while intoxicated, Cause Number CR-12-24433. On February 7, 2013, after a plea of guilty, he was sentenced to 15 years of imprisonment. He specified that he did not appeal the conviction. In response to an order giving him the opportunity to explain why the petition should not be dismissed as time-barred, he stated that he placed a state application for a writ of habeas corpus in the prison mailing system directed to the Fannin County District Clerk on June 30, 2014. The state application is deemed filed on June 30, 2014, in accordance with the state "mailbox rule." *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The Texas Court of Criminal Appeals denied the application without written order on September 24, 2014.

The present petition was filed in this Court on December 9, 2014. The Petitioner stated that he placed the petition in the prison mailing system on November 20, 2014. The petition is deemed filed on November 20, 2014, in accordance with the federal "mailbox rule." *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The Petitioner argued that he is entitled to federal habeas corpus relief because (1) his guilty plea was involuntary by and through ineffective assistance of counsel, (2) the evidence was insufficient to establish a prior driving while intoxicated conviction, (3) there was a

1

defect in the sentence making it void, and (4) the double enhancement in his case violated the Double Jeopardy Clause. The Director has not been ordered to file a response.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). AEPDA provides that the one year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(2) also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

In the present case, the appropriate section to employ is Section 2244(d)(1)(A). The Petitioner was sentenced on February 7, 2013. He did not file a notice of appeal, thus the conviction became final thirty days later. *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The conviction became final on March 9, 2013. The present petition was due no later than March 9, 2014, in the absence of tolling provisions. It was not filed until November 20, 2014. The statutory tolling provisions specify that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The Petitioner filed his state application on June 30, 2014. By then, the present petition

was already time-barred. The pendency of the state application did not effectively toll the statute of limitations. The present petition was filed too late.

In response to an order giving the Petitioner the opportunity to explain why his case should not be dismissed as time-barred, he erroneously argued that the statute of limitations does not apply in cases where claims were not adjudicated on the merits by the state courts. In support of the argument, he cited *Luna v. Cambra*, 306 F.3d 954, 960 (9th Cir. 2002). The decision in *Luna* does not support his claim. The petitioner in *Luna* argued that the presumptions contained in AEDPA do not apply since the state application was not decided on the merits, but the Ninth Circuit found that it was required to conduct an independent review of the record to determine if the state court erred in its application of controlling federal law. *Id.* The decision had nothing to do with the statute of limitations.

The only other possibility that could save the petition from being dismissed as time-barred is equitable tolling. The Supreme Court clearly and unequivocally held that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. The Petitioner has not raised arguments that satisfy either condition. He has not shown that he is entitled to equitable tolling.

In conclusion, the present petition for a writ of habeas corpus was filed too late and should be dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is

in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

<u>Recommendation</u>

It is accordingly recommended that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed with prejudice. A certificate of appealability should be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

4

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of February, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE